UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA J. RYAN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 2:26-cv-2296 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro se, and the case was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Before the court is defendant United States of America's motion to dismiss for lack of subject matter jurisdiction. ECF No. 3. Plaintiff filed a document, ECF No. 4, which the court construes as a statement of opposition. The motion came on for hearing on August 12, 2026. ECF No. 6. For the reasons stated below, the undersigned recommends granting the motion with leave to amend.

## I. Background

The complaint was initially filed in Stanislaus County small claims court on April 7, 2026. ECF No. 1 at 1, 4. The complaint is vague as to the exact nature of the wrong done to plaintiff, although defendant United States asserts it is a tort claim seeking recovery "for actions taken at the Turlock Post Office" by postal employee Latanya Degraffenreed (who was originally named as the defendant). ECF No. 1 at 1. In any case, the complaint seeks $204 to compensate for the

cost of renting a P.O. Box from Bear Postal for a year, $2,000 for mental anguish and compensation for transportation costs from Degraffenreed's Turlock location to plaintiff's home in Modesto, and $8,000 in pain and suffering. ECF No. 1 at 5. When removing this action to this court, the United States submitted a declaration affirming that Degraffenreed was acting in her capacity as a USPS official at the time of the alleged incident(s), and that the United States was therefore the appropriate defendant under the Federal Tort Claims Act ("FTCA"). ECF No. 1-1.

On July 1, the United States moved to dismiss this case for lack of subject matter jurisdiction based on failure to seek administrative relied under the FTCA. ECF No. 3 at 1. Only in plaintiff's response to the motion (ECF No. 4) does she articulate the factual basis for the complaint. She explains that in November 2025, while plaintiff was working as a dog walker and personal assistant for another couple, said couple informed her they would send her a check in the mail and gave her a list of things to do before they returned. ECF No. 4 at 14. Having misplaced her mailbox key, however, plaintiff could not access her mail at the time. Id. at 14. Her mailman refused to help her open her mailbox, even after she showed proof of her identity. Id. at 2, 14.

Plaintiff asked her neighbor in the same complex, via a note on her door, for permission to have a new check sent the neighbor's address. ECF No. 4 at 2, 15. Plaintiff texted her employers regarding that possibility, which they took as a request to immediately send the check to her neighbor. Id. at 15. Two days later, at her employers' request, plaintiff went to the Turlock USPS office to see if the check was there as "returned" mail. Id. Degraffenreed, in her capacity as the post office's manager, found the check but threatened to have plaintiff charged with mail fraud. Id. at 15. Meanwhile, she banned plaintiff from receiving mail from her own address, thereby trying to coerce plaintiff into paying for a P.O. Box instead of using her free residential mailbox. Id. at 3, 4, 15.

## II. Analysis

### A. Governing Legal Standards Governing Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may

either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

B. The Complaint Fails to Support Subject Matter Jurisdiction or Provide a Plain Statement of the Claim

1. Requirements of Rule 8 of the Federal Rules of Civil Procedure

Rule 8 requires that a plaintiff draft her complaint so that it contains "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that plaintiff is entitled to relief" (that is, who harmed the plaintiff, and in what way).

Fed. R. Civ. P. 8(a)(1),(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Claims must be set forth simply, concisely and directly, with "sufficient factual content to state a claim to relief that is plausible on its face…." Fed. R. Civ. P. 8(d); Landers v. Quality Communications, Inc., 771 F.3d 638, 641 (9th Cir. 2015).

2. Jurisdictional Facts Are Missing from the Complaint

The Federal Tort Claims Act gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).; see also United States v. Smith, 499 U.S. 160, 163 (1991). Accordingly, removal of this case on federal questions grounds was appropriate.

The fact that the claim is governed by federal law is not enough to establish jurisdiction, however. The FTCA requires an injured party to file an administrative claim with the federal agency before filing a lawsuit in court. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993) ("An action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies."). "The requirement of an administrative claim is jurisdictional." Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). Because the requirement is jurisdictional, the court must strictly follow it and cannot consider a case unless the requirement is satisfied. Id.

The removed complaint does not mention the submission of an administrative claim.[1] Accordingly, it fails to provide a short and plain statement of the grounds for the court's jurisdiction as required by Rule 8(a)(1). Because it is plaintiff's burden to establish that subject matter jurisdiction exists, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994),

[1] The court declines the invitation to make factual findings at this juncture regarding plaintiff's compliance or non-compliance with the administrative claim requirement. Defendant has submitted evidence that plaintiff never filed a Form SF-95, see ECF No. 3-2 at 1-2, but the governing regulations consider a claim "presented" to an agency when it receives "an executed Standard Form 95 *or other written notification of an incident*[.]" 28 C.F.R. § 14.2(a) (emphasis added). At hearing on the motion, plaintiff indicated that she did attempt to submit a claim.

the motion to dismiss must be granted.

3. Allegations Supporting a Claim for Relief Are Missing from the Complaint

As discussed above, the factual basis for the complaint has been gleaned entirely from plaintiff's opposition to this motion to dismiss. See ECF No. 4. Having originally been filed as a small claims action in the Stanislaus County Superior Court, the complaint itself lists only the damages which plaintiff seeks to recover. ECF No. 1 at 5-6, 14-15. Because the complaint fails to provide a short and plain statement of the alleged grounds for relief, it is inadequate on its face and subject to dismissal for this additional reason.

## III. Leave to Amend Is Appropriate

Courts should grant leave to amend unless it is clear such leave would be futile. See Fed. R. Civ. P. 15(a); Manzarek, 519 F.3d at 1031; Carrico, 656 F.3d at 1008. This includes when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber, 806 F.2d at 1401.

As to the jurisdictional issue, federal regulations consider a claim "presented" to an agency when it receives "an executed Standard Form 95 *or other written notification of an incident*[.]" 28 C.F.R. § 14.2(a) (emphasis added). Defendant has presented evidence that plaintiff did not file an SF-95, ECF No. 3-2 at 1-2, but it is unclear whether she provided "other written notification." Plaintiff represents that she did make "several unsuccessful attempts to file a complaint." ECF No. 4 at 16.[2] Accordingly, the court cannot conclude that amendment to address the jurisdictional defect would be futile.

Neither can the court conclude on the present record that there are no facts which could be added by amendment that would state a cognizable claim for relief. Leave to amend should accordingly be granted, to both incorporate the factual allegations underlying the claim and to

---

[2] She also argues that Degraffenreed told her that there was no point in complaining about her behavior because she was the manager who answers the complaint line. Id. To the extent that plaintiff seeks to argue futility of exhaustion, this argument fails. A tort claim against the agency must be in writing (see 28 U.S.C. § 2675(a)), so access to a telephonic complaint line is irrelevant. In any case, "[t]he government may not be equitably barred from asserting jurisdictional requirements." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1253 (9th Cir. 2009) (citing Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985)).

articulate whether plaintiff filed a written tort claim with the USPS prior to bringing this action.[3]

## IV. Amending the Complaint

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

---

[3] During the hearing on this motion, plaintiff expressed an intent to file a new written SF-95. Plaintiff is informed that doing so would not remedy the defects with the current action because the claim must be filed *before* commencement of the civil action. She could instead file a new civil action based on the newly filed claim once denied, whereas the current complaint would be dismissed. Plaintiff is further reminded that the claim must be timely presented to the federal agency, within two years of when the claim accrued. See 28 U.S.C. § 2401(b).

An amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. Pro Se Plaintiff's Summary

Your complaint must be dismissed because (1) it does not explain in simple terms when and how you notified the Postal Service in writing about the incident with Ms. Degraffenreed; and (2) it does not include a short and plain statement of the facts regarding the incident. The magistrate judge is recommending that you be given the opportunity to submit an amended complaint that fixes these problems. The district judge will make a final decision about the motion to dismiss, and you should not file an amended petition until after he rules and you are directed to do so.

## IV. Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED** that:

a. The motion to dismiss this action (ECF No. 3) be GRANTED WITH LEAVE TO AMEND; and

b. Plaintiff be granted 30 days to file an amended complaint that includes:

   i. Facts concerning the exhaustion of the administrative claim under the FTCA prior to filing suit, as necessary to establish subject matter jurisdiction, and

   ii. A brief statement of facts underlying her claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 18, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE